UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ZINA SHANNON | * | CIVIL ACTION |
| VERSUS | * | NO. 23-923 |
| ZANTEA JONES | * | SECTION "H" (2) |

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff Zina Shannon filed her Complaint and *Ex Parte*/Consent Motion for Leave to Proceed *in forma pauperis* on March 14, 2023. ECF Nos. 1-2. Consistent with the duties imposed by 28 U.S.C. § 1915(a) and (e)(2)(B), the Court ordered that summons not be issued until completion of the statutorily mandated review. ECF No. 3. This March 16, 2023 Order required Plaintiff to file a written response setting forth the specific facts upon which she relies to establish a basis for federal subject matter jurisdiction over her claim, on or before Tuesday, May 16, 2023, in accordance with 28 U.S.C. § 1915(e)(2). Although Plaintiff failed to timely file a Response to the Order to Show Cause, she did file a "Request for Demand for Trial by Jury" containing what appears to be a narrative explanation of her claim on March 31, 2023. ECF No. 5.

### I.       PLAINTIFF'S CLAIMS

Plaintiff filed suit alleging that Defendant Zantea Jones stole her identity and/or food stamp card, invaded her privacy, and called a crisis hotline to report Plaintiff. ECF Nos. 1 at 6-7, 5 at 2. Although Plaintiff purports to invoke federal question jurisdiction, she fails to identify any specific statutes, federal treaties, and/or provisions of the U.S. Constitution that are at issue in either her complaint or her subsequent filing. *See* ECF Nos. 1 at 3, 5. Further, although Plaintiff completed the diversity jurisdiction portion of the *pro se* complaint form, she notes that Defendant is a resident of Jefferson Parish, Louisiana and that Plaintiff is a resident of New Orleans, Louisiana.

1

ECF No. 1 at 3, 5. Accordingly, as Plaintiff's Complaint, on its face, does not reflect a colorable claim arising under federal law as necessary to support federal question jurisdiction under § 1331 or diversity jurisdiction under § 1332, the Court ordered her to show cause why her Complaint should not be summarily dismissed for lack of subject matter jurisdiction.   ECF No. 3.

Shannon was required to file a written statement setting forth the specific facts upon which she relies to establish a basis for federal subject matter jurisdiction over her claim.  *Id.*  She failed to do so.  Instead, she filed a "Request for Demand for Trial by Jury" in which she repeats, *inter alia*, her theft and invasion of privacy assertions against Defendant.  *See* ECF No. 5.  This document likewise fails to set forth any specific facts sufficient to establish a basis for federal subject matter jurisdiction over her claim.

## II.    APPLICABLE LAW AND ANALYSIS

### A.  Statutorily Mandated Review

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face.*[1]  Section 1915(e)(2)(B) grants the Court authority to summarily dismiss *in forma pauperis* complaints if the asserted claims are frivolous or malicious or fail to state a claim upon which relief may be granted.[2]  Indeed, the statute specifically mandates that the court "must *sua sponte* dismiss [the case] at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

---

[1] *See Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in forma pauperis is not new), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).
[2] *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R. & R. adopted*, 2011 WL 740909 (E.D. La. Feb. 22, 2011).

defendant who is immune."[3]  This statutory review mandate applies equally to prisoner and non-prisoner *in forma pauperis* cases.[4]

### B.  Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction.  "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'"[5]  The party seeking the federal forum, in this case Plaintiff, has the burden of establishing diversity jurisdiction.[6]  If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915.[7]

One basis for subject matter jurisdiction is diversity under 28 USC § 1332.  Federal diversity jurisdiction requires the party to demonstrate that (1) complete diversity of citizenship exists between the parties and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[8]  Complete diversity exists when "no party on one side [is] a citizen of the same State as any party on the other side."[9]

Another basis for jurisdiction typically invoked in civil cases is federal question jurisdiction.  28 U.S.C. § 1331.  Federal question jurisdiction is assessed under the well-pleaded

---

[3] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018).

[4] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs.") (citing *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous)).

[5] *Avitts v. Amoco Prod. Co*., 53 F.3d 690, 693 (5th Cir. 1995) (quoting FED. R. CIV. P. 12(h)(3)).

[6] *Bynane v. Bank of N.Y. Mellon,* 866 F.3d 351, 356 (5th Cir. 2017) (citation omitted).

[7] *Humphries v. Various Fed. U.S. INS Emps.*, 164 F.3d 936, 941 (5th Cir. 1999) (citation omitted).

[8] *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).

[9] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citation omitted); *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am.,* 841 F.2d 1254, 1258-59 (5th Cir. 1988); *Corfield v. Dallas Glen Hills, LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted); *Bynane*, 866 F.3d at 355 (citation omitted).

complaint rule which requires that a federal question appear on the face of the well-pleaded complaint.[10]

**C. Analysis**

Neither Plaintiff's Complaint nor her subsequent filing serve to establish this Court's subject matter jurisdiction over her claims. Plaintiff has failed to indicate which specific statutes, treaties and/or provisions of the United States Constitution are at issue in this case. Further, both parties appear to be Louisiana citizens, defeating diversity jurisdiction. Plaintiff's Complaint therefore fails to assert colorable claims arising under federal law, as necessary to support federal jurisdiction under § 1331 or § 1332.

**III.   CONCLUSION**

Plaintiff's Complaint lacks any basis for this Court's exercise of subject matter jurisdiction over her claims. While Shannon filed another narrative explanation of her claims (ECF No. 5), this response likewise fails to establish any basis for federal jurisdiction. The Complaint, therefore, must be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

**RECOMMENDATION**

**IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**NOTICE OF OPPORTUNITY TO OBJECT**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

---

[10] *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

4

the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[11]

    New Orleans, Louisiana, this \_\_\_7th\_\_\_ day of June, 2023.


                              DONNA PHILLIPS CURRAULT
                         UNITED STATES MAGISTRATE JUDGE

---

[11] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).